# IN THE COURT OF APPEALS OF IOWA

No. 21-1166
Filed January 11, 2023

**VINCENT LAMAR HARRIS JR.,**
     Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
     Respondent-Appellee.

_____

Appeal from the Iowa District Court for Black Hawk County, Kellyann M. Lekar, Judge.

Vincent Harris Jr. appeals the dismissal of his application for postconviction relief. **AFFIRMED.**

Christopher A. Clausen of Clausen Law Office, Ames, for appellant.

Brenna Bird, Attorney General, and Israel Kodiaga, Assistant Attorney General, for appellee State.

Considered by Vaitheswaran, P.J., Chicchelly, J., and Danilson, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2023).

**DANILSON, Senior Judge.**

In 2013, the district court entered judgment and sentence on Vincent Harris Jr.'s guilty plea to lascivious acts with a child, in violation of Iowa Code section 709.8 (2013). Harris voluntarily dismissed his direct appeal. Procedendo issued in 2014.

In 2019, Harris filed a pro se application for postconviction relief (PCR), contending "the courts did not have any evidence [against him], they went by the police report." Harris later filed an amended application through counsel, raising various claims of ineffective assistance of trial counsel and claiming he "would not have plead guilty but for counsel's failure to perform essential duties." The State filed a motion to dismiss, arguing Harris' application should be dismissed "in its entirety" because it was time-barred under Iowa Code section 822.3 (2019).

A hearing took place on the State's motion, during which PCR counsel alleged, for the first time, Harris was "asserting his actual innocence" as an exception to the statute of limitations,[1] his trial counsel coerced him into pleading guilty, and he "suffered from ADHD and he was also referred for a competency evaluation by the attorney" during his criminal proceeding. PCR counsel asserted Harris "should be allowed an evidentiary hearing" to develop these claims. The PCR court thereafter entered an order granting the State's motion and dismissing Harris' application, noting in part:

---

[1] *See Schmidt v. State*, 909 N.W.2d 778, 797 (Iowa 2018) ("For an applicant to succeed on a freestanding actual-innocence claim, the applicant must show by clear and convincing evidence that, despite the evidence of guilt supporting the conviction, no reasonable fact finder could convict the applicant of the crimes for which the sentencing court found the applicant guilty in light of all the evidence, including the newly discovered evidence.").

The Court finds that the State has sustained its motion for summary disposition on the grounds that the claims made by the Petitioner on post-conviction relief are barred based upon the applicable three-year statute of limitations. The Supplemental Amendment to Petition does not contain a substantive claim or argument of actual innocence. The only substantive assertion of actual innocence by the Petitioner was made by counsel at the time of the hearing on the Motion to Dismiss. Those assertions were to general claims of actual innocence without any basis or detail provided to the Court concerning newly discovered evidence, a recanting witness or other substantive grounds upon which a claim of actual innocence is typically based. The Petitioner seeks additional time to do discovery and further develop the evidence, however, the Petitioner provides the Court with no basis on which to hang any belief that additional time would lead to new evidence or further development of existing evidence. In short, the pleadings and briefing filed by the Petitioner do not back up the assertion of a definable or actionable assertion of a claim of actual innocence. A mere undefined claim of actual innocence at the Motion to Dismiss hearing is insufficient to permit this PCR action to continue. The Petitioner does not provide this Court with any reasonable ground on which to delay the entry of disposition in this matter on the basis that further discovery or development of the case would render this matter not subject to being time barred by the statute of limitations.

On appeal, Harris challenges the court's order, acknowledging "[i]t may be that discovery would not uncover any information which would amount to newly discovered evidence or proof of actual innocence," but "[t]he only way in which a person in Harris' situation could explore evidence which would amount to newly discovered evidence is to allow him to develop his case through the use of discovery procedures and materials."

"We typically review postconviction relief proceedings on error. However, when the applicant asserts claims of a constitutional nature, our review is de novo." *Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2021) (internal citation omitted). Upon our review, we conclude the court properly applied the law in evaluating Harris' application. *See, e.g.*, *Dewberry v. State*, 941 N.W.2d 1, 6 (Iowa 2019)

(rejecting actual-innocence claim, and observing "[a]s this claim was first presented to the district court, it was not a claim of actual innocence," but rather "it was simply a belated request to go to trial"). Harris alleged no specific facts or evidence to support his claim. The PCR court properly found his application time-barred under section 822.3. We affirm the court's dismissal of Harris' PCR application.

**AFFIRMED.**